# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY EDWARD SIELA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-0204-CV-W-BP-P |
| ) | |
| JEAN ANN JOHNSON, ) | |
| ) | |
| Respondent. | |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Western Missouri Correctional Center in Cameron, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 conviction and sentence for first degree assault, which was entered in the Circuit Court of Clinton County, Missouri. Petitioner raises one general ground for relief - that his counsel was ineffective for various reasons, causing him to enter an involuntary and unknowing guilty plea. Respondent contends that the ground is untimely, partially procedurally defaulted, and without merit.

## FACTUAL BACKGROUND

In affirming the motion court's denial of petitioner's 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> On the night of June 11, 2005, Siela was at a bar in Gower drinking beer. While at the bar, he saw one of his former employees, Tina. Tina showed him marks where she had slit her wrists because of her abusive relationship with her boyfriend, Brian. Brian and his friend, Mark Sterling, were also at the bar at the time. Siela approached Brian and Sterling and began yelling at Brian. An altercation, during which Sterling repeatedly kicked and hit Siela, ensued.
>
> Eventually Siela got up and left the bar. He walked from the bar down the

street to his apartment, which was approximately 150 feet away. While at his apartment, he grabbed a butcher knife. He then walked back to the bar and stabbed Sterling in the lower back. The knife went deep into Sterling's abdominal region. After the stabbing, the police found Siela hiding in a crawl space between the first and second floor of his apartment building. Siela gave a written statement to the police describing what he had done. The stabbing caused Sterling to bleed profusely and required extensive surgery and an extended hospital stay. A year and a half after the stabbing, Sterling continued to suffer from pain and the loss of nerve sensation in his side.

The State charged Siela with the class A felony of assault in the first degree and armed criminal action. In exchange for Siela's pleading guilty, the State agreed to dismiss the armed criminal action charge and lower the assault charge to a class B felony. Siela then pleaded guilty to the class B felony of assault in the first degree. The court sentenced him to twelve years in prison.

Respondent's Exhibit D, pp. 1-2 (footnote omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## STATUTE OF LIMITATIONS

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Petitioner was sentenced on December 20, 2006, and did not file an appeal, making his judgment final 10 days later on January 2, 2007[2]. See Mo. Sup. Ct. R. 30.01(a), 81.04(a). On May 29, 2007, 147 days later, petitioner filed a timely motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035. Respondents' Exhibit A, p. 43. The one-year statute of limitations was tolled from May 29, 2007, until February, 9, 2011, when the Missouri Court of Appeals issued its mandate in the post-conviction appeal. Respondent's Exhibit E, p. 2. The one-year statute of limitations in Section 2244(d) expired 218 days later on September 15, 2011. This petition, signed on February 5, 2012, was 143 days out of time.

Petitioner contends that the statute of limitations was tolled during the 180 day period that he had to file his post-conviction petition after his judgment became final. Doc. No. 9, p. 1. Section 2244(d)(1)(A) states that the "limitation period shall run from . . . the date on which the judgment became **final**[,]" and Section 2244(d)(2) states that the limitation period tolls only when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is **pending**[.]" (emphasis added). The United States Court of Appeals for the Eighth Circuit repeatedly has held that the period between the date the state court judgment became

---

[2] Because the 10 day deadline for filing a notice of appeal fell on Saturday, December 30, 2006, the actual deadline would have been January 2, 2007, the next business day. Doc. No. 6, p. 5.

3

final and the date that an application for state post-conviction relief is filed counts against the one-year statute of limitations. See, e.g., Bear v. Fayram, 650 F. 3d 1120, 1125 (8th Cir. 2011); Boston v. Weber, 525 F. 3d 622, 625-26 (8th Cir. 2008); Painter v. Iowa, 247 F. 3d 1255, 1256 (8th Cir. 2001). Thus, tolling is not warranted for the approximately 147 days between the date that petitioner's sentence became final on January 2, 2007, and the filing of petitioner's Rule 24.035 motion on May 29, 2007.

Furthermore, petitioner argues that the statute of limitations was tolled from February 9, 2011, when the Missouri Court of Appeals issued its mandate in petitioner's post-conviction appeal, to May 9, 2011, when the deadline to appeal to the United States Supreme Court expired. Contrary to petitioner's assertions, the one-year statute of limitations is not tolled while a petition for certiorari to the United States Supreme Court seeking review of denial of state post-conviction relief is pending. Lawrence v. Florida, 549 U.S. 327, 332-33 (2007). Furthermore, had the statute of limitations been tolled during this time period, petitioner would have extended his deadline only by 89 days, which still would make this petition 54 days out of time.

## **PROCEDURAL DEFAULT**

Respondent also argues that petitioner procedurally defaulted all of his claims against the involuntariness of his guilty plea except for the claim that petitioner's guilty plea was involuntary due to the lack of an adequate factual basis. Doc. No. 6, p. 7.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a

4

procedural default." Id. Petitioner procedurally defaulted his claims of ineffective assistance of counsel by failing to include them in his amended post-conviction motion or on appeal from the denial thereof. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In his reply, petitioner does not address respondent's procedural default arguments and merely restates his claims. Doc. No. 9. Because petitioner fails to present any explanation for why these claims were not pursued on appeal from the denial of his Rule 24.035 motion, petitioner fails to demonstrate cause for his procedural default.[3] Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, all of petitioner's claims, except for a claim that there was an insufficient factual basis for his plea, are procedurally defaulted and will be denied.

## GROUND FOR RELIEF

---

[3] Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default, Martinez v. Ryan, 132 S. Ct. 1309 (2012) does not apply.

5

In petitioner's sole remaining ground for relief, petitioner claims that there was an insufficient factual basis for his guilty plea. Specifically, petitioner argues that his description of the events "indicated that he was not aware of the nature of his conduct or attendant circumstances." Doc. No. 9, p. 2. Respondent contends that petitioner's ground for relief is without merit. Doc. No. 6, pp. 13-17. The Missouri Court of Appeals, Western District, denied this ground as follows:

> . . . . Here, the circuit court denied Siela's motion without an evidentiary hearing on the basis that the record refuted his claim.
>
> Siela contends that the circuit court clearly erred in denying his claim on this basis because the record did not establish the existence of a factual basis for his guilty plea. The circuit court cannot enter judgment on a guilty plea unless it determines that a factual basis for the plea exists. Rule 24.02(e). "A factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements." State v. Henry, 88 S.W.3d 451, 457 (Mo. App. 2002). A factual basis for a guilty plea "is established where the information clearly charged the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." Ivy v. State, 81 S.W.3d 199, 202 (Mo. App. 2002). As long as the defendant "understands the nature of the charges against him, trial courts are not required to explain every element of the crime." Id. "An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained." Wagoner v. State, 240 S.W.3d 159, 165 (Mo. App. 2007).
>
> Siela pleaded guilty to the crime of assault in the first degree. A person commits assault in the first degree if he "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." § 565.050.1, RSMo 2000. A person "'acts knowingly'" if: "(1) [w]ith respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2) [w]ith respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." § 562.016.3, RSMo 2000. Siela claims that the record did not establish that he acted knowingly when he stabbed Sterling or that he understood that his conduct had to be knowing. We disagree.
>
> The information charging Siela with assault in the first degree alleged that Siela "knowingly caused serious physical injury to the victim, Mark Sterling, by stabbing him." Clearly, the charge included all of the elements of assault, including that Siela acted knowingly when he caused serious physical injury to Sterling.

6

The record is replete with evidence that the nature of the assault charge was explained to Siela and that he understood it. At the beginning of the plea hearing, the prosecutor offered into evidence a memorandum outlining Siela's plea bargain with the State and his petition to enter a guilty plea. Siela and his plea counsel signed the memorandum and each page of the petition. In the memorandum, Siela represented to the court that his plea was knowingly and voluntarily made. In his guilty plea petition, Siela represented to the court that he had received a copy of the information and that he understood that he was charged with the crime of assault in the first degree. He further represented to the court that, on June 11, 2005, in Clinton County, he "knowingly caused serious physical injury to Mark Sterling by stabbing him."

Siela stated in his petition that his plea counsel had "counseled and advised [him] on the nature of each charge, on all lesser-included charges, if any, and on all possible defenses that [he] might have in this case." Additionally, he reiterated in his petition that he was offering his guilty plea with a full understanding of all of the matters set forth in the information and in his petition to enter a guilty plea. Before receiving Siela's petition into evidence, the court questioned him about it extensively. Siela represented to the court that he had gone over the petition with his plea counsel, that he understood everything in it, and that he had no questions about it.

Siela not only admitted that he understood the nature of the charge against him, which included the element that he acted knowingly, but he also admitted to facts establishing that he acted knowingly. During the guilty plea hearing, Siela testified to the events of the evening of June 11, 2005. According to Siela, he had been drinking "a lot of beer" in the bar before he decided to confront Brian. Siela remembered that, after he yelled at Brian to leave Tina alone, Sterling hit him in the back of the head, he fell to the ground, and Sterling continued to hit and kick him repeatedly. Siela testified that he "went blank" after that and had no memory of what happened next.

Siela claims that his testimony that he "went blank" indicated that he was not aware of the nature of his conduct or attendant circumstances when he caused serious physical injury to Sterling. We disagree. After he testified that he "went blank," Siela recounted what he told the police in the written statement that he gave immediately following the incident. Siela testified that, per his statement, he left the bar following his initial altercation with Sterling, went to his home that was 150 feet from the bar, "[j]umped through a window, came back out with the knife," went back to the bar, and "put a knife in [Sterling's] side." Siela said that, after the stabbing, he was found "under the crawlspace hiding at my house."

Although he claimed to have no memory of the stabbing, Siela repeatedly affirmed the accuracy and veracity of his statement to the police. Siela testified that

7

he had talked to one of the witnesses to the stabbing who told him that "it pretty much happened exactly like that and I came back with the knife and I put it in his side." Siela told the court, "I swear to God I don't remember but I know I did it. I wrote it down. I wouldn't have told the police if it wasn't accurate so I know that I'm responsible for it." Siela also affirmed the accuracy and veracity of the State's evidence against him, which was consistent with Siela's description of the incident.

In affirming his written statement and the State's recitation of the evidence against him, Siela admitted facts indicating that he was aware of the nature of his conduct and attendant circumstances. Because direct evidence of a defendant's intent is rarely available, intent may be inferred from "'surrounding facts, such as the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct.'" State v. Manley, 223 S.W.3d 887, 890-91 (Mo. App. 2007) (citation omitted). That Siela was aware of the nature of his conduct and attendant circumstances may be inferred from his having instigated the prior altercation with Brian and Sterling; his walking to his home to retrieve the butcher knife, which is a deadly weapon; his walking back to the bar and using the deadly weapon to stab a vital area of Sterling's body; and his fleeing from the scene and hiding in a crawl space in his apartment building after the stabbing. See id. at 891. Siela admitted all of these facts during the guilty plea hearing. "'When an accused admitted in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he [pled] guilty.'" State v. Taylor, 929 S.W.2d 209, 217 (Mo. banc 1996) (citation omitted).

The record established that Siela acted knowingly when he stabbed Sterling and that, when he pled guilty, he fully understood that his conduct had to be knowing. The circuit court's judgment denying Siela's rule 24.035 post-conviction relief motion without an evidentiary hearing was not clearly erroneous. We, therefore, affirm the circuit court's judgment.

Respondent's Exhibit D, pp. 3-7 (footnotes omitted).

As previously discussed, "a determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his

8

guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). During petitioner's plea hearing, petitioner stated that he understood the purpose of the proceeding and the charges against him and acknowledged that the state would have been able to "prove its case" had the evidence been presented against him. Respondent's Exhibit A, pp. 21-22, 31. The Missouri Court of Appeals, Western District, held that the record established that petitioner acted knowingly and that he understood that his conduct had to be knowing when he pled guilty. Respondent's Exhibit D, pp. 3-7. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's ground for relief will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

9

                                                                /s/ Beth Phillips
                                                                BETH PHILLIPS
                                                                UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 22, 2012 .